## Hurd's Estate.

Argued October 8, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*John O. Wicks*, of *Weller, Wicks & Wallace*, for appellant.—It was testator's expressed intent that his wife should be the sole beneficiary of one-half of the residue of his estate: Kirkpatrick's Est., 280 Pa. 306; Raleigh's Est., 206 Pa. 451; Watson v. Martin, 228 Pa. 248; Sloan v. Hanse, 2 Rawle 28.

The limitation over was of the wife's share of testator's estate.

The wife's daughters were not in contemplation of the testator: Bush's App., 33 Pa. 85.

The entire beneficial interest in the property in dispute was vested in testator's wife under the rules of property and principles of construction: Guthrie's App., 37 Pa. 9; Huss v. Stephens, 51 Pa. 282; Criswell's App., 41 Pa. 288; Angle v. Brosius, 43 Pa. 187; Doebler's App., 64 Pa. 9; Seibert v. Wise, 70 Pa. 147; Bender v. Fleurie, 2 Grant 345; Gilmor's Est., 154 Pa. 523; Wettach v. Horn, 201 Pa. 201.

The burden is on the daughters of Mrs. Hurd to show that testator intended them to take as purchasers: Sloan v. Hans, 2 Rawle 28.

A power of appointment given to the wife does not diminish her estate of inheritance: Physick's App., 50 Pa. 128; Yarnall's App., 70 Pa. 335.

The wife not having survived the testator, her legacy lapses and becomes part of the trust for the benefit of testator's minor son: Comfort v. Mather, 2 W. & S. 450; Dickinson v. Purvis, 8 S. & R. 71; Muhlenberg's App., 103 Pa. 587.

*John G. Frazer,* with him *Thomas E. Shaw, of Reed, Smith, Shaw & McClay,* for appellees.—Where a will gives a life estate with remainder in fee and the life tenant dies before testator, the remainderman takes a fee on testator's death: Wunder's Est., 270 Pa. 281; Simpson's Est., 304 Pa. 396; Bruner's Est., 14 Pa. Dist. R. 124; Crawford's Est., 18 Pa. Dist. R. 594.

The situation in the present case is similar to one in which a widow who is given a life estate, elects to take against the will. In such event, the remainder is accelerated, and the remaindermen are entitled to receive their share at once: Wyllner's Est., 65 Pa. Superior Ct. 396; Disston's Est., 257 Pa. 537; Ferguson's Est., 138 Pa. 208; Vance's Est., 141 Pa. 201.

A will must be construed, if possible, so as to prevent intestacy as to any part of the estate: Buechley's Est., 283 Pa. 107; Kenworthy's Est., 269 Pa. 315; Esbach's Est., 197 Pa. 153; Little v. Wilcox, 119 Pa. 439; McKinney's Est., 260 Pa. 123; Whiteley's Est., 273 Pa. 364; Dull's Est., 217 Pa. 358.

OPINION BY MR. JUSTICE SIMPSON, November 23, 1931:

Testator and his wife were instantly and simultaneously killed in an automobile accident, leaving no issue of their marriage. They had each been previously married, however, and he left surviving one son by his first wife, while she had four children by her first husband, all of whom survived her.

In his will, testator provided, inter alia: "Third. All the rest and residue of my estate, I direct shall be divided into two equal parts: (a) One of these parts, I give, devise and bequeath to the Bank of Pittsburgh

National Association, in trust, to invest and reinvest the same and to pay the net income therefrom to my wife, Caroline McCord Hurd, in quarter annual installments. I likewise direct my trustee to pay so much of the principal of the said one-half part of my estate to her as in the judgment of my trustee may appear to be necessary for her adequate maintenance and support. At the death of my wife, my trustee shall pay the principal of her share of my estate or so much as remains in its hands to such persons and for such purposes as she shall by her last will and testament direct or appoint, or in default of a will to her heirs at law."

In subdivision (b) of this paragraph he gave the other half of his residuary estate to the same trustee for the benefit of his son, subject to certain conditions not necessary to be considered on this appeal. A later provision gave the trustee discretionary power in handling the two trust estates, both of which consisted of personalty only.

In the court below and here, the son claimed that there was no presumption of survivorship in the present case (Baldus v. Jeremias, 296 Pa. 313), and hence, as testator's wife did not survive him, the legacy provided for her by paragraph third, clause (a), above quoted, lapsed, that with it fell all the other provisions in that clause, and that, under section 15 (c) of the Wills Act of June 7, 1917, P. L. 403, 408, the lapsed legacy, being part of the residuary estate, passed to him as the only other residuary legatee. On the other hand, the four daughters of the wife contended that the trust declared in that clause was good, and since their mother had died intestate, this share vested in them as "her heirs at law." The court below sustained their contention, and awarded the share to them. The son now appeals. Notwithstanding the elaborate and interesting argument of his counsel, we are satisfied that the decree is correct.

It is clear that appellant's right can rise no higher than it would have done had the widow predeceased her husband, in which event we have decided appellees would take. In Martha May's App., 41 Pa. 512, testator gave his residuary estate to his grandchildren to be paid to them "as they shall respectively arrive at the age of twenty-one years," "but, in the event of the death of any one of the said grandchildren before he or she shall arrive to the age of twenty-one years, then, in that case, I order and direct my executors to pay the share of him or her, so dying, to the mother of the child, if living." One of the grandchildren "died in the lifetime of the testator, under the age of 21 years, unmarried, and without issue." It was held that the legacy was payable to his mother. We said (page 522) : "It is said that Samuel J. Neide, who died in the lifetime of his grandfather, was no legatee, and therefore that he had no share to go over to his mother in case of his death. It is true he never became a legatee in esse, but he was a possible one, and would have been entitled to a share if he had survived the testator, and attained the age of twenty-one years. There is, undoubtedly, considerable reason for distinguishing between substitutionary legacies after an immediate gift to individuals nominatim, and such legacies after a gift to a class. But the cases seem to hold that, even when a legacy is given to a class, and, in the event of the death of one who would have been a constitutent of the class, before a defined period, his share [is to go] over to another, that [this] other will take though the first legatee die in the lifetime of the testator. In other words, the alternative gift will be supported, if the first legatee be one who would have taken had he lived to the period of distribution." This is a particularly strong case for appellees, since here the life estate is given to the wife nominatim.

So far as we are advised the decision in that case has never been qualified or doubted in this court. It is quoted with approval by the orphans' court in Fahne-

stock's Est., 147 Pa. 327, 332, affirmed by us "upon the opinion of the learned judge of the court below." It is also referred to in Harrison's Est., 202 Pa. 331, 337, and Mifflin's Est., 279 Pa. 429, 432, but these opinions do not aid either side in the present inquiry. It was, however, followed in Wunder's Est., 270 Pa. 281, though not referred to therein. For the purpose of showing the exact similarity between Wunder's Estate, and this, we quote appellant's résumé of the former, as appearing in his brief: "In that case the testatrix left the residue of her estate in trust to pay to her husband $15 a week for life. Should the income be insufficient to pay this amount, the trustee was empowered to make up the difference from the corpus. After the death of the husband, the trustee was to pay over the balance of the estate as the husband should by will appoint, and, in default of appointment, to his heirs at law. The husband predeceased the testatrix, and it was claimed on behalf of the wife's estate that there was a lapse, or at least that her estate should share as an heir of the husband. It was held that the heirs of the husband took, and that the estate of the testatrix was not a participant." This conclusion, as appellant correctly says, was reached by the following line of reasoning: "Since he [the husband in that estate] predeceased the testatrix he never became the donee of the power. His heirs took as purchasers. They could take nothing as heirs, since there was no estate in their ancestor. The word 'heirs' was used to designate the class who took direct from the testatrix, and the gift to them was accelerated by the death of the annuitant." To this we agree, and it fits this case exactly as it did that; but, unhappily for appellant, it is a complete answer to his contention. He vainly attempts, however, to distinguish the two cases by saying: "In that estate the husband was given no estate in the trust res." Neither was the wife here, unless the power in the trustee to eke out possible deficient income from the

principal, constitutes an "estate in the trust res," in which event it was the same there as here.

What we have said is conclusive of this appeal; hence it is not necessary to consider the minor points urged by appellant as a basis for his argument on the main question. It may not be unwise, however, to refer to a few of them. He claims that "it was testator's expressed intent that his wife should be the sole beneficiary of one-half of the residue of his estate." The will states a precisely contrary intent. It is true the wife was the primary object of testator's bounty; this is clearly expressed in the clause which directs the trustee, to whom this one-half is bequeathed, "to pay so much of the principal of the said one-half of my estate to her as in the judgment of my trustee may appear to be necessary for her adequate maintenance and support." But the gift to her is no more clearly expressed than the gift over on her death to her appointees by will, or, in default thereof, to her heirs at law. As we can readily give effect to both of these provisions, we must do so, just as was done in Martha May's App., supra, in Wunder's Est., supra, and by the court below in this estate. This point was also considered in Martha May's App., supra, at page 523, where we referred with approval to Smith v. Smith, 8 Simons 353, in the following language: "It was argued that the issue of a child were not objects of the original gift, but were intended to take by way of substitution for their parent, and consequently that the issue of a child could not take unless there was a possibility of the parents taking; that, as the father of the issue died in the testator's lifetime, he never had any possibility of taking, and therefore his issue was not entitled. This is the argument which has been urged upon us. But the vice-chancellor said that the testator meant, if a child died and left issue, the issue should take, though the child could not, and he ruled that the event which had happened, to wit, death

401

of a child within the testator's lifetime, was within both the general meaning and the words of the will."

It is also urged that by the use of the words "heirs at law" in the clause being considered, the wife was really given a fee, under the rule in Shelley's Case, which gift lapsed because she did not survive testator. The rule has no applicability, however, where, as here, the estate is all personalty (Gilmor's Est., 154 Pa. 523; Wunder's Est., supra; Simpson's Est., 304 Pa. 396); nor where, also as here, the gift to the life tenant is of an equitable estate, and that to the remainderman is a legal one: Little v. Wilcox, 119 Pa. 439; Eschback's Est., 197 Pa. 153.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.