## Wilkes' Estate

344

348

*Moore, Gossling & Panfil,* for exceptants.
*James J. Breen,* contra.

BOK, J., February 28, 1936. — The decedent and his wife made reciprocal wills on May 2, 1927. His wife died in July 1934. Decedent died in February 1935.

In his will, decedent left his entire estate to his wife in fee, and then added a provision which is quoted in the opinion of the auditing judge and which raises the question now before us for solution.

As the decedent's wife predeceased him, the question is, who is entitled to take?

Since the law does not favor an intestacy, the court must be inclined towards any reasonable construction which avoids one.

To uphold an intestacy here would produce the curious result that this husband and wife intended a gift of the ultimate estate over only in the improbable event of their

dying at or about the same time, as in a common accident, or as the result of one. It is not likely, under the common testamentary scheme which they adopted, that they meant to provide for their individual estates by leaving them to each other, but to leave their combined estates to the operation of the intestate laws, save in the one narrow contingency mentioned.

The solution is suggested by Simpson's Estate, 304 Pa. 396. There the gift was to a brother "or his heirs", and the brother died during the decedent's lifetime. The gift was held a substitutionary one, and the heirs took, as the word "or" was considered to indicate an alternative.

Had the disputed item in this will not been written, it is clear that no question could have arisen. Its existence, therefore, indicates an alternative disposition in case the stipulated contingencies should occur. While we are not at liberty to rewrite any will, it would do no violence to this one so to arrange the obvious progress of the decedent's thought as to clarify his intention. He said, in effect, "I leave my estate to my wife in fee, or, in the event, but in the event only, of her not surviving me long enough to come into actual possession of my estate, I leave it to my sister and my sister-in-law."

It is a fact that his wife did not survive him long enough to take actual possession. She did not survive him at all. She predeceased him. It might have been simpler for him to say, "In the event that my wife shall predecease me", but the fact that he did not adopt a simple method does not force us to find that the method he did adopt was ineffective. He may not even have intended the result which we have reached, but the will does not clearly indicate his intention. In consequence, the law must determine the answer by applying its rules of construction. The question in a case like this is not whether the decedent used the best possible language to express himself, but whether certain rules of construction can apply to the language he did use.

We cannot yield to exceptant's reliance upon Mifflin's

Estate, 279 Pa. 429, since the gift there was "to *such* of my four nephews . . . as may be living at the time of my death". The express point of departure just quoted distinguishes that case from this. We are aware of no precedent which compels us to eliminate from the phrase "not survive" the idea of nonexistence at the time of testator's death in favor of the idea of death necessarily occurring after such time.

We are more impressed with the general complexion of the law applicable to this case as it is stated in May's Appeal, 41 Pa. 512, which is referred to in the opinion of the auditing judge and is cited approvingly in Hurd's Estate, 305 Pa. 394.

We therefore hold that as the widow did not, in fact, survive the decedent long enough to come into actual possession of his estate, there was a substitutionary gift to his sister and sister-in-law, and not an intestacy.

The exceptions are dismissed and the adjudication is confirmed absolutely.