## March Estate.

Argued May 27, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*W. Burg Anstine*, with him *William Luria, Charles H. Still, Robert I. Shadle, Luria & Still* and *Anstine & Shadle*, for appellant.

*Horace E. Smith*, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 30, 1947:

The question presented in this will construction is whether the remainder was accelerated by the death of the life tenant in the lifetime of testator, or whether such gift over was contingent upon the life tenant's death during the administration of the trust.

At the date of the will testator had an only son, who was a minor. Testator placed his residuary estate in trust for the benefit of the son, with direction to the corporate trustee to use the income and so much of the principal as might be necessary for the maintenance, care and education of the son for and during the term of his natural life. Testator further provided that the trustee should pay to the son ". . . whatever remains

in its hands of principal and accrued income" upon or subsequent to his arrival at the age of 21 years, providing the guardian of the person of the son determined that he was then capable of managing his estate. It was further provided (and this is the crux of the case) that if the son should ". . . die while any of said trust fund, hereinbefore mentioned, *is still in the hands of the Trustee . . .*" (italics supplied), it should be paid to designated remaindermen.

The son predeceased testator and consequently no funds have come into the possession of the trustee. The next of kin maintain that the gift of the remainder was *contingent* upon the death of the life tenant while the trust fund ". . . [was] still in the hands of the Trustee . . .", and because of the nonoccurrence of that event the bequest to the remaindermen lapsed, and an intestacy ensued, which passed the estate to them. The learned orphans' court rejected this contention and ruled that the death of the life tenant in the lifetime of testator accelerated the remainder and made the awards accordingly. This appeal followed.

The death of a life tenant in the lifetime of testator accelerates the remainder in the absence of a manifestation of a contrary intent: *Hurd's Estate,* 305 Pa. 394, 158 A. 174; *Walker's Estate,* 344 Pa. 576, 26 A. 2d 456. But a will must be construed from its four corners to arrive at the true intention of the testator: *Fox's Appeal,* 99 Pa. 382, 386; *Mulliken v. Earnshaw,* 209 Pa. 226, 58 A. 286; *Price's Estate,* 279 Pa. 511, 124 A. 179; *Brennan's Estate,* 324 Pa. 410, 188 A. 160; *Calder's Estate,* 343 Pa. 30, 21 A. 2d 907.

There is not the slightest indication, upon consideration of the entire· testamentary scheme, which even remotely suggests that testator intended that the gift to the remaindermen was *contingent* upon the purely fortuitous circumstances that testator should predecease his son, that the trust should have been set up with the funds in the hands of the trustee, and that the son

should die during the administration of the trust. Cf. *Elkins' Estate,* 339 Pa. 193, 201, 12 A. 2d 83. The testamentary scheme reflects testator's contemplation of the normal expectancy that the son would survive him. Testator clearly revealed his concern as to the support, maintenance and education of the son and how the trust fund should be applied during the son's lifetime and after his decease. The testamentary provision concerning the manner of payment to the remaindermen was purely *directory* and manifestly did not contemplate a condition or contingency. Testator failed *specifically* to provide for a situation resulting from the predecease of the son. However, he did so *by implication.* Words or phrases will be rejected when they have the effect to subvert or defeat testator's whole testamentary scheme and divest the bounty from those whom he obviously intended to benefit: *Boyd's Heirs v. Bigham,* 4 Pa. 102; *Schott's Estate,* 78 Pa. 40; *Duffy's Estate,* 313 Pa. 101, 169 A. 142; *Hannach's Estate,* 332 Pa. 145, 2 A. 2d 711; *Riegel et al. v. Oliver et al.,* 352 Pa. 244, 42 A. 2d 602.

The decree of the court below is affirmed at the cost of appellant.