Abel et al., Trustees, *v.* Girard Trust Company, Trustee (et al., Appellant).

Argued April 13, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Charles Morris Hamilton,* with him *James Rick, 3rd, David B. Skillman, Calvin F. Smith, Ballard, Spahr, Andrews & Ingersoll* and *Smith, Paff, Van Sickle & Gafford,* for appellant.

*J. Lawrence Davis,* with him *Sullivan Cistone,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1950:

This is an appeal in a *quia timet* proceeding. The court below decreed that the plaintiffs-trustees were the owners in fee of the real estate in question.

On July 22, 1925, L. Renton Brown and others (grantors), for the consideration of $4,000, conveyed real estate in the Borough of Bangor, Pennsylvania, to a corporation of the first class, not for profit, named Bangor Park Association (grantee). The *habendum* clause of the deed reads:

"For the exclusive use of the grantee hereof, its successors and assigns, of said premises, as and for a public park, for the use and benefit of the inhabitants of the Borough of Bangor, aforesaid, and to and for no other use or purpose whatsoever."

The stated corporate purpose of the grantee was:

"The maintenance of a park and of facilities for skating, boating, and other innocent or athletic sports, to wit: basketball, football, baseball and others including a club for such purpose."

The grantee borrowed the entire consideration from a bank. Two years later it secured an additional loan of $1,000. The debt was reduced by payments on account. The bank failed and the plaintiffs herein were appointed trustees for the benefit of unsecured depositors and creditors of the bank. Suit was brought by the trustees upon the notes and judgment was obtained for $2,732.64. Execution was issued and the sheriff sold the real estate in question to the attorney on the writ, and the premises were deeded by the sheriff to the trustees.

The trustees have agreed to sell the land and to give a fee simple title therefor to the purchasers who decline to complete the agreement upon the ground that the trustees are unable to convey an absolute title in fee. It is conceded that the original corporate grantee is no longer in existence; also since the date of the sheriff's sale on

April 9, 1938, and for several years prior thereto, the real estate has not been used for park purposes. The present proceeding was instituted to remove an alleged cloud upon the trustees' title to the real estate.

The heirs and legal representatives of the original grantor were made defendants, who contend that the trustees possessed but a *base fee;* that when the real estate ceased to be used as a public park, the base fee terminated and title *reverted* to the grantors or their heirs and representatives. Upon issue joined, the court below held that the trustees possessed a fee simple title and that there was no reverter. This appeal followed.

An examination of the deed discloses that there is no express provision for a reversion or forfeiture. The mere expression of purpose will not debase a fee. In *Pearson et al. v. Nelley* et al., 331 Pa. 376, 200 A. 654, Mr. Justice LINN reviews the cases and law. He said, p. 379:

"In arriving at the intention of the grantors it is first to be noticed that there are no words indicating that the parties intended that on the removal of the court-house and the prison or either the vacated land should revert to the grantors. It has long been settled that mere expression of a purpose will not of and by itself debase a fee: Kerlin v. Campbell, 15 Pa. 500 (1850) ; Griffitts v. Cope, 17 Pa. 96; Brendle v. German Reformed Congregation, 33 Pa. 415; Seebold v. Shitler, 34 Pa. 133. It has likewise been held that when limitations are relied on to debase a fee they must be created by express terms or clear implication, a result of the policy of the law favoring alienability of land: Methodist Church v. Old Columbia Public Ground Co., 103 Pa. 608. What was said by White, J., in Stuart v. Easton, 170 U. S. 383, at 397, in construing quite similar title papers, is particularly appropriate: 'If the grant be viewed as one merely to trustees to hold "for the uses and purposes mentioned in the act of the assembly," it is clear that

the fee was not upon a condition subsequent nor one upon limitation. There are no apt, technical words (such as *so that; provided; if it shall happen;* etc.: 4 Kent Com., note b, p. 132; 2 Washburn on Real Property, p. 3) contained in the grant, nor is the declaration of the use coupled with any clause of reentry or a provision that the estate conveyed should cease or be void on any contingency. (Ib.) So, also, we fail to find in the patent the usual and apt words to create a limitation (such as *while; so long as; until; during;* &c.: 4 Kent, Ib.), or words of similar import. And, for reasons already stated, if we disregard the absence of technical terms or provisions importing a condition or limitation, and examine the deed with a view of eliciting the clear intention of the parties, we are driven to the conclusion that it was the intention of the grantors to convey their entire estate in the land.' See also Restatement, Property, section 44 and comments. Cases like Pennsylvania Horticultural Society v. Craig, 240 Pa. 137,. 87 A. 678, and Slegel v. Lauer, 148 Pa. 236, 23 A. 996, by their express terms showed that fee simple absolute was not intended to be conveyed."

A fee may be cut down only by a clearly expressed, or necessarily implied intent of the grantor. Where there is a conveyance to a corporate grantee, the addition of the words "for no other use or purpose whatsoever", is not *of itself* sufficient to create a base fee where the purpose expressed in the limitation and in the corporate charter are similar: *Griffitts et al. v. Cope et al.,* 17 Pa. 96; *T. W. Phillips Gas & Oil Co. v. Lingenfelter,* 262 Pa. 500, 105 A. 888; *Sapper et al. v. Mathers,* 286 Pa. 364, 133 A. 565. Cf. *Slegel v. Lauer et al.,* 148 Pa. 236, 23 A. 996; *Pennsylvania Horticultural Society v. Craig,* 240 Pa. 137, 87 A. 678; *West Goshen Township School District v. Hughes,* 13 D. & C. 468; *Stuart v. Easton,* 170 U. S. 383.

The language of the *habendum* in the deed reads: ". . . as and for a public park, *for the use and benefit of the inhabitants of the Borough of Bangor aforesaid,* and to and for no other use or purpose whatsoever." (Italics supplied) These words do not indicate any intent to reserve any interest for the benefit of the grantors nor an intention to re-secure the fee if the purposes are not carried out. Such language clearly imposes a duty upon the grantee to hold and use the property *for the benefit of the inhabitants of the Borough of Bangor.* These words create a charitable trust. A charitable trust is created by deed where there appears in the deed an intention that the transferee shall hold the land subject to the equitable duty to use the land for a charitable purpose. See *Thompson's Estate,* 282 Pa. 30, 34, 127 A. 446; Restatement of Trusts, section 348. There can be no dispute that the maintenance of a public park is a valid charitable purpose: *Cresson's Appeal,* 30 Pa. 437; *Smith's Estate,* 181 Pa. 109, 37 A. 114; *Centennial and Memorial Association of Valley Forge,* 235 Pa. 206, 83 A. 683; Restatement of Trusts, sections 373, 374, comment f. There is a proper subject matter of trust, Restatement of Trusts, section 363; and a proper object of trust, Restatement of Trusts, sections 364, 375. "It is the purpose to which the property is to be devoted which determines whether the trust is charitable, not the motives of the [grantor]": 3 Scott on Trusts, section 348, page 1916. Comment (e) of Section 351 of the Restatement of Trusts reads as follows: "A charitable trust may be created although the settlor uses words of condition. If the owner of property transfers it inter vivos or by will 'upon condition' that it be applied for a charitable purpose, a charitable trust is created if the transferor manifested an intention that the transferee should be subject to a duty so to apply it, rather than that he should be divested of his interest if he should fail so to apply it. In the absence of other evidence a transfer of

property 'upon condition' that it be applied for a charitable purpose indicates an intention to create a charitable trust rather than an intention to make a transfer upon condition."

In *Griffitts et al. v. Cope et al.,* 17 Pa. 96, land was devised to executors to be granted "unto such persons as the monthly meeting of [Quakers] shall nominate . . . there to build a meeting-house upon, if the members of that meeting shall agree to build a meeting-house there, but not else." The heirs of the grantor subsequently sought to recover the land alleging the creation of a base fee and non-user for the limited purposes in the deed. It was held that as between the grantor and grantees there was a conveyance of a fee simple and that as between the grantees and the beneficiaries there was charitable trust enforceable under and subject to disposition in accordance with the general laws of the commonwealth. In *Barr v. Weld,* 24 Pa. 84, 86, this Court said, "Where the intention is to dedicate property to charitable uses there is a difference between a conveyance *on condition,* and a conveyance in trust. In the first case the grantor and those claiming under him may enter for condition broken. But in the last they cannot, and the proper remedy for an abuse of the trust is an application to the chancery powers of the Court for an appointment of new trustees, or the means of compelling those already appointed to execute the trust according to the intention of the donors. In McKissick v. Pickle, 4 Harris 148, it was declared that 'the grant, being for a charity, could not be forfeited for *nonuser;* nor for *misuser,* except under an *express condition* or contract.' "

It is unnecessary to consider whether the Association, chartered under the Act of 1874, April 29, P. L. 73, 15 PS 1 et seq., had the power and authority to act as trustee of a charitable trust. The familiar rule is that a charitable trust will not fall for want of a trustee: *Thompson's Estate,* 282 Pa. 30, 35, 127 A. 446; *Jordan's*

*Estate,* 329 Pa. 427, 197 A. 150; Restatement of Trusts, section 353(3); 3 Scott on Trusts, sections 397, 397.3, page 2066 et seq.

While no claim has been presented on behalf of the inhabitants of the Borough of Bangor, the attention of the proper officials of that borough, and of the Attorney General, must be drawn to their duty to enforce a public charitable trust: *Williams Estate,* 353 Pa. 638, 46 A. 2d 237; Restatement, Trusts, section 391; Estates Act of 1947, April 24, P. L. 100, section 10, 20 PS 301.10. It is presently unnecessary to consider whether the original purpose of the trust can be carried out, in which case a new trustee would be appointed, or whether resort must be had to the application of the doctrine of *cy pres,* in which event the property would be sold and the proceeds awarded: *Mears's Estate,* 299 Pa. 217, 149 A. 157; *Hoff's Estate,* 315 Pa. 286, 172 A. 645.

The decree, as modified, is affirmed. Costs to await final disposition of the real estate, or distribution of proceeds from its sale, and then paid by the borough.