Ervin Estate.

Argued January 8, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*R. Winfield Baile,* with him *George W. Thompson,* for appellants.

*Norman J. Kalcheim,* with him *C. William Kraft,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 19, 1951:

The appeals relate to a construction of a will. The single question is whether testatrix intended to pass the corpus, in remainder, for a *charitable purpose* and failed to appoint a trustee, or whether her intent was to give the corpus *to an institution* but failed to name such institution thereby causing an intestacy.

Testatrix died January 22, 1941, leaving to survive as her heirs and next of kin, a son and three grandchildren, children of a deceased daughter. Under the will the net estate was placed *in trust* to pay one fourth of the income to the son for life, and one fourth of the income to each of the three named grandchildren. It was also provided that in the event of the predecease of the son before the death of his wife, such share should be paid to the wife for life. After the death of the survivor of the life tenants, the corpus was directed by

item three to be paid to "a Charitable Institution, here-inafter more particularly designated." By the eighth item of the Will, it is provided that such corpus shall be paid as follows: ". . . unto the Charitable Institution for Crippled Children, heretofore referred to in this my last Will, and known as, and more particularly designated as ...................................
......................................................
......................................................
* * *." In the same item it is further directed that such corpus or residue shall be paid to "said Charitable Institution, absolutely, to it, its successors and assigns forever."

The appellants, heirs and next of kin, contend that the will failed to make a definite and final disposition of the remainder, hence testatrix died intestate as to corpus; also that if appellants, having acquired both income and principal, they are entitled to receive the fund absolutely freed of the trust under the doctrine of merger.

The auditing judge awarded the estate to the named trustee, in trust, ". . . for the payment of income to the life beneficiaries . . . and upon the death of the last surviving income beneficiary to pay over and distribute the remainder of principal of the residuary estate unto the Philadelphia Unit of the Shriners' Hospital for Crippled Children." It was ruled that the words of the will constituted a gift for a *charitable use,* viz.: care of crippled children; and also failure to name a trustee did not cause the charitable use to fail. The appeals followed.

Louise A. Lewis, wife of the son, Joseph S. Lewis, possesses a contingent life interest in one fourth. She has now been joined in these proceedings. We, therefore, need not consider whether it is premature to pass upon the validity of the charitable use in remainder

during the pendency of valid life estates, or whether there was a merger of the life estate with the remainders. See *Slater's Estate,* 265 Pa. 88, 108 A. 601; *Conley's Estate,* 197 Pa. 291, 47 A. 238; *Yeisley Estate,* 358 Pa. 200, 56 A. 2d 205.

Testatrix expressly excluded her heirs and next of kin from participating in corpus. But if an intestacy results because of *operation of law,* heirs and next of kin take despite the testamentary exclusion: *Verner Estate,* 358 Pa. 280, 286, 56 A. 2d 667. The *in terrorem* clause in item seven is likewise ineffective. The heirs-beneficiaries are seeking a *construction* of the will and ascertainment of testatrix's intention. They are not attempting to set aside, contest or appeal from a decision sustaining the validity of the instrument: *Hunter's Estate,* 6 Pa. 97, 111; *Henry B. Chew's Appeal,* 45 Pa. 228; *Friend's Estate,* 209 Pa. 442, 58 A. 853; *McCahan's Estate (No. 2),* 221 Pa. 188, 70 A. 711. Cf. *Alexander's Estate,* 341 Pa. 471, 19 A. 2d 374.

We come then to the principal question: did testatrix intend a charitable use or was she merely contemplating the selection of an institution as the recipient of her bounty? That it was the former seems clear. The intent of a testator is to be gathered from the whole will, or as frequently said, from its four corners: *March Estate,* 357 Pa. 216, 53 A. 2d 606; *Mulert Estate,* 360 Pa. 356, 61 A. 2d 841; *Butler Estate,* 364 Pa. 279, 72 A. 2d 110. Because of the exclusion and *in terrorem* clauses testatrix clearly indicates an intent to limit her son and grandchildren to life estates. There is a clear indication that she did not intend to die intestate. Cf. *Siple et ux. v. Greumelli et al.,* 357 Pa. 237, 241, 53 A. 2d 607; *Carmany Estate,* 357 Pa. 296, 299, 53 A. 2d 731; *Butler Estate,* supra. It would only be because of an invalid or ineffective gift in remainder that an intestacy would result *by law.*

When testatrix, in the third item of the will, refers to a "Charitable Institution", she was referring to a corporation or organization established and equipped for *charitable purposes*. The particular "institution" that testatrix intended to select she said was to be "hereinafter more particularly designated." This she failed to do. This Court has held that an "institution" is an agency designated to implement a cause and carry it into effect: *Funk Estate,* 353 Pa. 321, 45 A. 2d 67. In that case, which has peculiar application to the present one, the gift was "to some worthy cause or institution". Mr. Justice HORACE STERN said, p. 323: "Did testatrix use the word 'worthy' as synonymous with 'charitable'? If so, the bequest would not fail for uncertainty merely because she did not specify the particular institution which was to receive the benefit of her bounty, for in such event it would be the duty of the court to appoint a trustee and by its decrees enforce her testamentary intent: (citing statutes and cases)." Here, however, testatrix wrote: *"charitable"* institution. This removes all possible doubt as to testamentary intent, viz.: that she was primarily interested in charity rather than the particular institution which she intended thereafter to name to administer the fund. Had there been no further designation of the nature of the charitable bequest than *"to charity"* it would still have been valid: *Jordan's Estate,* 329 Pa. 427, 197 A. 150. Testatrix, however, went further. In the eighth item of the will she gave the corpus *"unto the Charitable Institution for Crippled Children, heretofore referred to in this my last Will. . . ."* She finished the sentence with the words: *"and known as, and more particularly designated as. . . ."* She neglected to *name* an institution.

As the present bequest was a charitable one, testatrix's failure to designate the institution did not render the gift invalid. The court below had the duty of

supplying a fiduciary: *Jordon's Estate,* supra; *Funk Estate,* supra; *Abel et al. v. Girard Trust Co. et al.,* 365 Pa. 34, 73 A. 2d 682.

The heirs and next of kin have no interest in the selection of the charitable institution which takes the remainder upon the termination of the life estates: *Carlin's Estate,* 36 D. & C. 702, 707, 708; *Jordan's Estate,* supra. No appeal has been taken by any of the claimant institutions.

The appeals are dismissed and the decree is affirmed at the cost of appellants.