## Loechel, Appellant, *v.* Columbia Borough School District.

Argued November 19, 1951. Before DREW, C. J., STERN, STEARNE, LADNER and CHIDSEY, JJ.

*Herbert S. Levy,* with him *Appel, Ranck, Levy & Appel,* for appellants.

*William J. Blank* and *Paul A. Mueller,* with them *Ralph M. Barley,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 7, 1952:

The question is whether a school district holds title to real estate in fee or as a trustee under a trust.

On February 29, 1936, David L. Glatfelter and wife deeded a tract of land 746 feet by 1414 feet to the School District of the Borough of Columbia in Lancaster County. The deed provides as follows: "This Conveyance is made by the grantors in loving memory of their late son, Lieutenant Richard Glatfelter, Columbia High School 1928, United States Military Academy 1933. Primarily intended as an athletic field, this land is henceforth to be held and supervised by the Columbia Borough School District, Grantee, for the lasting benefit and happiness of the youth of the Community.

"It is the sincere hope of the Grantors that in the use of this field, the boys and girls may be aided in developing a spirit of fair play, co-operation and tolerance in their relations to others."

On March 30, 1951, the common pleas court below approved a proposed sale of a strip of the real estate, 150 feet by 1414 feet, by the School District to the Columbia Malleable Castings Corporation for $20,000 (Appeal 223).

On November 22, 1950, Sara G. Loechel and Philip H. Glatfelter "children and heirs" of the grantors and as taxpayers, instituted an action in equity against the school district seeking an injunction against such proposed sale upon the ground that the school district held the land as trustee under a valid trust. The court below decreed that the land was not impressed with a charitable trust but was held in fee (Appeal 222), and approved the proposed sale. This appeal followed.

In the early case of *Griffitts et al. v. Cope et al.,* 17 Pa. 96, it is said, p. 99: "There is a very palpable distinction between a gift of land from motives of charity, and a dedication of land to charitable uses. . . ." In that case land was devised "to build a meeting-house." The structure was erected and was used for more than a hundred years, when a new meeting house was erected on other ground and the land in question sold. This Court held that the devise was of a fee and not a qualified fee. See Restatement, Trusts, Sec. 351, comment d; Scott on Trusts, Sec. 351, p. 1933. The expression of a purpose will not of and by itself debase a fee: *Pearson et al. v. Nelley et al.,* 331 Pa. 376, 200 A. 654. The recital in that deed revealed that the grantor had given his bond in £5,000 that he would convey ground "for Erecting a Court House and Gaol thereon in trust for the use of the Inhabitants of said County of Dauphin." The *habendum* in the deed declared that the conveyance was in trust "for publick use forever, and the . . . inhabitants of the said County of Dauphin, . . ." In deciding that the title was in fee, this Court speaking through Justice LINN, said p. 379: "In arriving at the intention of the grantors it is first to be noticed that there are no words indicating that the parties intended that on the removal of the courthouse and the prison or either the vacated land should revert to the grantors. It has long been settled that mere expression of a purpose will not of and by itself debase a fee: Kerlin v. Campbell, 15 Pa. 500 (1850); Griffitts v. Cope, 17 Pa. 96; Brendle v. German Reformed Congregation, 33 Pa. 415; Seebold v. Shitler, 34 Pa. 133. It has likewise been held that when limitations are relied on to debase a fee they must be created by express terms or clear implication, a result of the policy of the law favoring alienability of land: Methodist Church v. Old Columbia Public Ground Co., 103 Pa. 608." As stated in Black's

Law Dictionary: a base fee is "A determinable or qualified fee; an estate having the nature of a fee, but not a fee simple absolute." And a qualified fee is defined as "A fee having a qualification subjoined thereto, and which must be determined whenever the qualification annexed to it is at an end; otherwise termed a 'base fee.' 2 Bl. Comm. 109; 1 Steph. Comm. 225. An interest which may continue forever, but is liable to be determined, without the aid of a conveyance, by some act or event, circumscribing its continuance or extent."

The *habendum* in the deed now before us was more than the mere expression of the *motives* and *purposes* of the grantors. Obviously this athletic field was not intended to be part of the facilities and equipment of the *Columbia High School* (wherein Lieutenant Glatfelter had been a student before he entered the United States Military Academy, West Point) *and restricted in its use exclusively to the pupils of that high school.* Upon the contrary, the stated purpose was *"for the lasting benefit and happiness of the youth of the Community."* The term "youth" comprehensively includes all boys and girls who are not only pupils in the high school and those solely under the jurisdiction of the *Columbia Borough School District.* This designation includes all young—boys and girls—*in the Borough,* viz.: pupils of private, parochial or other schools, and indeed youth in no school at all. This school district, as grantee, is directed to *hold and supervise* the field.

Under these circumstances we regard these words as erecting a valid and enforceable trust. A charitable trust is created when any intention is declared—either expressly or by implication—that the transferee is under an equitable duty to manage and supervise the land for a charitable purpose: *Abel et al., Trustees, v. Girard Trust Company, Trustee et al.,* 365 Pa. 34, 73 A. 2d 682. A school district, under the Public School Code

of March 10, 1949, P. L. 30, Art. II, section 216 (a), 24 PS 2-216, is authorized to act as trustee.

As this is an active trust, the statutory provisions relative to a sale of school lands *held by it in fee* have no application. Cf. *McKees Rocks Borough School District Petition,* 360 Pa. 285, 62 A. 2d 20.

Should the school district still desire to sell this land, it may apply to the court to do so under the provisions of the Revised Price Act, as amended. Such statutory provisions are: Act of June 7, 1917, P. L. 388, Sections 1 and 2, as amended by the Acts of May 12, 1939, P. L. 126, Section 1, and July 1, 1937, P. L. 2659, Section 1, and August 5, 1941, P. L. 824, Section 1, 20 PS Pocket Part 1561, 1562, 1563.

The decrees in both No. 222 and No. 223 are reversed, with costs.