## Glatfelter Trust Deed Case.

Argued January 9, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*Paul A. Mueller,* with him *William J. Blank,* for appellants.

*John M. Ranck,* with him *Herbert S. Levy* and *Appel, Ranck, Levy & Appel,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, February 13, 1953:

The appeals are from a decree of the Orphans' Court of Lancaster County which refused to approve a private sale under the Revised Price Act, the Act of June 7, 1917, P. L. 388, as amended, 20 PS 1561 et seq. The court was of opinion that the proposed sale would not be without prejudice to the trust, charity or purpose for which the real estate was held.

This land was conveyed to a school district in memory of grantors' son and was primarily intended as an athletic field for the "lasting benefit and happiness of the youth of the Community." The school district, under a mistaken view that it owned the land in fee by such conveyance, agreed to sell a portion of the land to an adjoining property owner, an industrial corporation. Application was made to the Common Pleas Court under the Act of March 10, 1949, P. L. 30, sec. 707, as amended, 24 PS 7-707, for the approval of such proposed sale as "unused and unnecessary lands and buildings." This Court in *Loechel v. Columbia Borough School District,* 369 Pa. 132, 85 A. 2d 81, decided that the conveyance created an active trust, wherein the school district was the trustee, and that any sale of any portion of the land was necessarily under the provisions of the Revised Price Act, supra.

Application was thereafter promptly made to the Orphans' Court for the approval of the sale of the same land at the same price. There is no question concerning the adequacy of the consideration.

The Revised Price Act, supra, provides that the court may decree the sale of land "Provided, That such court shall be of the opinion that such decree will be

to the interest and advantage of all those interested therein, and without prejudice to any trust, charity, or purpose for which the real estate or ground-rent shall be held, and without the violation of any law which may confer an immunity or exemption from sale or alienation."

The school district was obviously embarrassed when it discovered that it was a *trustee* and not an owner in fee. Thus regarding itself as owner it expended $47,-000 of its own money and secured and had expended $110,000 of federal funds (under Works Progress Administration) in improving and equipping a modern athletic field. But the use of this field is not limited to the pupils of the adjacent Columbia High School, or even to all pupils of the school districts. The field and its equipment may be used by ". . . *pupils of private, parochial or other schools, and indeed youth in no school at all*": *Loechel v. Columbia Borough School District*, supra, p. 136.

The reasons advanced by the trustee seeking approval of the sale are: (1) The land agreed to be sold is not needed for the purpose of the trust, (2) The trustee has no funds for maintenance of the field, (3) Proceeds are needed for repairs, etc.

After careful study of the testimony, the hearing judge concluded that it is not advisable to reduce the size of the field when consideration is given to the probable necessary development of recreational areas in that community. He also ruled that the present allegations of absence of funds for maintenance and necessity to sell in order to make repairs are without merit. We agree with the court below that the trust will *not* of necessity fail because of lack of funds for maintenance, etc. We also agree that "In its present situation this trust, as established, should at least be afforded an opportunity for survival." This is a

*community* project and not a public school auxiliary. If the school district is unable or unwilling to administer further the trust as it has been created, it should resign or be removed, and a new trustee appointed in its place and stead. If, however, it should subsequently appear that the community itself is unwilling or unable to meet the necessary expenses and charges of maintenance and administration, and in consequence the purposes of the trust cannot be carried out, then at an appropriate time and upon adequate proof, the whole project may be sold and the proceeds applied *cy pres.*

The learned hearing judge has in no manner abused his discretion in refusing to approve this proposed sale.

The decree is affirmed at cost of appellants.