## Deichelmann Estate

*High, Swartz, Childs & Roberts,* for accountants.

*M. Louise Rutherford, Smillie, Bean, Davis & Tredinnick* and *Fox & Fox,* for claimants.

TAXIS, P. J., July 23, 1959. — The first and final account of Provident Tradesmens Bank and Trust Company, Stephen J. Deichelmann, Joanne Dufur Ellis and William Ellis, executors, was examined and audited by the court on May 27, 1959.

Rosabelle Dufur Deichelmann, testatrix, died on August 29, 1957, leaving a will dated August 21, 1957, duly probated on September 7, 1957, on which the present letters were granted to the accountants, who were appointed executors.

Under item third of the will, testatrix made the following gift:

"I give and bequeath unto the Hanna Penn House the sum of Five Thousand Dollars ($5,000.00)"

Since this bequest was made within 30 days of the death of testatrix, the accountants have asked the court to decide whether or not the Hannah Penn House is a charitable institution, thus determining whether the gift would be invalid by reason of section 7(1) of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.7.

A hearing was held on May 27, 1959, at which time Mrs. Irvin R. MacElwee, President of the Republican Women of Pennsylvania, Inc., Hannah Penn House, testified and described in full the objectives and the charter purposes of the Republican Women of Pennsylvania, Inc., more commonly referred to as the Hannah Penn House. A photo copy of the charter of the Republican Women of Pennsylvania, Hannah Penn House, was introduced into evidence. This charter states that the Republican Women of Pennsylvania, Hannah Penn House, was organized ". . . to create and organize a center of education and a bureau of information for the Republican women of Pennsylvania and to promote a better understanding among the women of Pennsylvania upon political subjects to so operate and participate in the political policies and legislative programs."

Other documentary evidence was introduced into evidence which clearly discloses that the Republican Women of Pennsylvania, Inc., and known as the Hannah Penn House, 250 South 16th Street, Philadelphia 2, is an organization of Republican women of Pennsylvania for the purposes set out in its charter. The evidence also establishes the fact that Hannah Penn House owns 250 South 16th Street, Philadelphia 2, and pays a real estate tax on that property, establishing also that it is not a charitable institution exempt from real estate taxes.

From the testimony submitted and the documentary evidence introduced into evidence, I conclude that the Hannah Penn House, or more accurately known as the Republican Women of Pennsylvania, Inc., is a political association of Republican women and is not a charitable institution within the meaning of section 7(1) of the Wills Act of 1947. The legacy is therefore valid and is herewith awarded. See Boorse Trust, 64 D. & C. 447; 3 Scott on Trusts, §374.6, p. 2008.

One final question is presented for determination. Decedent in paragraph fourth of her will made the following bequest:

"I give and bequeath unto the Fairmount Park Commission for Strawberry Mansion, the sum of Five Thousand Dollars ($5,000.00)."

Since decedent died within 30 days of the execution of her will, the question also arises whether this bequest is invalid as being a "bequest . . . for . . . charitable purposes . . ." within the meaning of section 7(1) of the Wills Act of 1947.

Fairmount Park Commission was created by special act of the legislature on March 26, 1867, P. L. 547, 53 PS §16500, and fixed the original bounds of Fairmount Park. The act creating the park states in section 1 thereof that the real estate described ". . . shall be vested in the City of Philadelphia, to be laid out and maintained forever as an open public place and park, for the health and enjoyment of the people of said city, and the preservation of the purity of the water supply of the City of Philadelphia. . . ."

The Act of 1867 creating Fairmount Park clearly lays at rest any possible dispute whether this well-known park is a public park. The act clearly and specifically so designates it as such. "There can be no dispute that the maintenance of a public park is a valid charitable purpose": Abel v. Girard Trust Company, 365 Pa. 34, 39. Cf. Cresson's Appeal, 30 Pa. 437;

Smith's Estate, 181 Pa. 109; Centennial and Memorial Association of Valley Forge, 235 Pa. 206; A. L. I. Restatement of the Law of Trusts, §§373, 374; 3 Scott on Trusts, §348, p. 1916.

The City of Philadelphia does not contend, as indeed it could not, that Fairmount Park is not a public park for charitable purposes. The city attempts to escape the operation of section 7(1) by contending that since the Fairmount Park Commission was transferred to the Department of Recreation of the City of Philadelphia by the Philadelphia Home Rule Charter of 1951, the gift is therefore a bequest to the City of Philadelphia, which is a "body politic," that the omission of the words "body politic" from the 1947 Act, which appears in section 6 of the Wills Act of 1917, displays a legislative intent to exonerate bequests to a "body politic" from the operation of section 7(1) of the Wills Act of 1947.

A short answer to the city's contention is that the deletion of the words "to any body politic" in the 1947 Act does not help the city. The commissioner's comments indicate that the change in language was "for simplicity." Bregy, in his treatise on the Wills Act of 1947, §7(1), p. 2455, observes that: ". . . neither the 1917 nor 1947 Commission felt at liberty to change the policy of the law with respect to charitable gifts." The phrase in the 1947 Act, "Any bequest . . . for . . . charitable purposes . . .", is all-inclusive and embraces a "body politic" provided, of course, that the gift to the "body politic" is for charitable purposes. On this issue the city does not contend that Fairmount Park has lost its charitable characteristics by its transfer to the Department of Recreation of the City of Philadelphia.

I conclude therefore that the gift to Fairmount Park under paragraph fourth is invalid as a gift for chari-

table purposes within the meaning of section 7(1) of the Wills Act of 1947 . . .

And now, July 23, 1959, this adjudication is confirmed nisi.