## Besore Estate

*Foulke, Knight & Porter*, for accountant.

*Charles H. Davison*, for legatee.

*Edward J. Ozorowski*, Special Assistant Attorney General, for Commonwealth.

TAXIS, P. J., July 27, 1959.—The first and final account of Provident Tradesmens Bank and Trust Company, executor, was examined and audited by the court on June 26, 1959.

Calvin Jefferson Besore died on August 19, 1958, leaving a will dated July 3, 1946, duly probated on September 6, 1958, on which the present letters were granted to the executors. . . .

One question requires decision relating to the interpretation of paragraph ninth of testator's will. Mr. Besore gave his residuary estate ". . . unto the School Directors of the School District of the Borough of Greencastle, Franklin County, Pennsylvania, in trust, to hold, invest and reinvest the same, to collect the income and after paying all expenses incident to the management of the trust, to continue to retain the net income until such time as suitable provision has been made for the establishment of a public library in Greencastle, Pennsylvania, to be known as 'The Lilian S. Besore Memorial Library' and thereafter to pay the income, including any accumulated income from the principal of the trust unto the governing body, Board of Trustees or Board of Directors, in charge of the Lilian S. Besore Memorial Library, for the use and benefit thereof with authority furthermore to expend not more than the sum of Fifty Thousand ($50,000) Dollars for the acquisition of land and the construction of a suitable building therefor."

508

The account shows that the amount to be distributed to the residuary legatee at this time is $310,322.43. In addition the residuary estate includes the remainder interest in decedent's residence which is appraised at $17,500 and in a fund of $35,000.

The question has been presented for determination relating to the identification of the trustees thereof as set forth in paragraph ninth of the will. The question is stated as follows: Was it the testator's intent to make a gift in trust to the school board as an enitity, that is, to the district? Or was he using this method to designate five individuals who should be the trustees?

After consideration of the will of testator and the arguments of counsel, I conclude that the residuary estate of Calvin Jefferson Besore, including the remainder interest in his residence and in the $35,000 fund, should be and is hereby awarded to the School District of the Borough of Greencastle, in trust, for the purposes set out in the will.

Authorities generally recognize that a municipal corporation can act as a trustee of a fund for public purposes: 1 Scott on Trusts, 2nd ed. §96.4, p. 717; A. L. I. Restatement of the Law of Trusts 2d §96, comment (h), p. 225. "Although school districts, strictly speaking, are not municipal corporations within the technical meaning and construction of that term, they are frequently included within such expression where municipalities are referred to in a broader sense, either in common speech or in statutes ... 'they deal with matters of such vital public interest that unless they are clearly excluded from all fair meaning of the word "municipalities," it would be a strange construction to hold they were not within its statutory intendment...' ": Lehigh Coal & Navigation Co. v. Summit Hill School District, 289 Pa. 75, 81. The Public School Code of March 10, 1949, P. L. 30,

sec. 216, 24 PS §2-216, empowers a school district to receive and hold property in trust for any purpose of that act and it has been held that a purpose which is for the benefit of the community generally, and not strictly a school activity, is a proper purpose under this section. See Loechel v. Columbia Borough School District, 369 Pa. 132. I conclude, therefore, that the School District of Greencastle can legally serve as trustee of the fund established by Mr. Besore's will.

There is a scarcity of case law on the general subject which is at all helpful. In Jones v. Gordon, 124 Pa. 263, there was a gift to "the treasurer for the time being of the Benevolent Fund of the Third Reformed Church of Philadelphia to be applied to the uses and purposes of said fund." This was held to constitute the office of treasurer as trustee and not the person who happened to hold the office at the time of death of testatrix. In County of Lawrence v. Leonard, 83 Pa. 206, 210, a gift to "the county treasury" was held to intend "to place the fund under the control of . . . the commissioners. The county, therefore, became the owner of the fund."

In McCann's Estate, 39 D. & C. 215, the will provided: "I give and bequeath unto the School Directors of the Borough of Norristown the sum of Two Thousand Dollars ($2,000.00) in trust to institute and found a library to be called the William McCann Library, and the further sum of Eight Thousand Dollars ($8,000.00) forever for the same purpose . . ." The question decided by the court involved the disposition of the fund when it had become insufficient for the school district to maintain a library in accordance with the terms of the will and there was therefore no need for interpreting the above quoted provision. However, this question presently before the court was deemed to require no judicial interpretation in McCann Estate, supra, for

Judge Holland in his opinion stated: "By virtue of the said item of the will there was awarded to the School District of the Borough of Norristown the sum of $10,000."

Aside from the case law which seems clearly to indicate that the School District of the Borough of Greencastle is the proper trustee, other factors bearing on the intent of testator likewise lead to this conclusion.

Although Greencastle was testator's native home, he had resided elsewhere for many years and thus was out of close touch with the local municipal officials. In fact the court has been advised that only one member of the present school board was in any manner acquainted with testator.

Furthermore, testator wrote his will in 1946 and he of course would have had no way of knowing who the school directors might be at the time of his death which occurred in 1958. This would seem to clearly demonstrate that testator was not selecting individual trustees.

Finally, on the question of intent, it is to be noticed also that testator made no provision in his will for a method of selecting successor trustees. It is quite apparent that if he were selecting individual trustees, he most likely would have made provision for selection of successor trustees. True it is that the court could fill such vacancies, yet the absence of such provisions is another factor to be weighed by the court in ascertaining testator's intent.

After consideration of the authorities and the language of the will, therefore, I find that testator intended the School District of the Borough of Greencastle to be the trustee named in item ninth of the will and the funds are so awarded . . .

And now, July 27, 1959, this adjudication is confirmed nisi.