## Dayon Estate

*Paul Shalita*, for accountant.

*David M. Jones*, for heir.

*Albert J. Persichetti, Assistant City Solicitor*, for Commissioners of Fairmount Park and City of Philadelphia.

*Murray B. Dolfman, Sydney J. Fires* and *Herbert W. Salus, Jr.*, for Commonwealth.

KLEIN, P. J., April 15, 1964.—Arthur G. Dayon died on July 22, 1960, unmarried and without issue, leaving a will which was admitted to probate on July 27, 1960, when letters testamentary were granted. Proof of advertisement of notice thereof was produced to the auditing judge.

By his will testator bequeathed $1,000 to Saul Broudo and $25 to Louis Sanders. He also devised to Evangeline Nelson and her husband his real estate located in Forrest Port Township, Oneida County, New York, together with all contents and improvements. His residuary estate he directed should be used for the erection of a memorial drinking fountain in Rittenhouse Square, Philadelphia, as more fully recited hereinafter. A copy of the will, certified by counsel to be a true and correct copy, is annexed hereto.

Testator executed his will on July 14, 1960, and died eight days later, on July 22, 1960. In the seventh paragraph of the will, he provided:

"I direct that all of the rest, residue and remainder of my estate be used for the erection of a memorial drinking fountain in Rittenhouse Square, Philadelphia, Pennsylvania, to be appropriately marked and to be known as the ARTHUR G. DAYON MEMORIAL FOUNTAIN."

Testator made no prior wills and the Commonwealth of Pennsylvania and Adam Dworecki, an alleged nephew who resides in Poland, the only known parties who might benefit by the invalidity of the gift in remainder, have not agreed that the gift shall be valid. The accountant has therefore taken the position that the gift for "the erection of a memorial drinking fountain" is invalid pursuant to the provisions of section 7(1) of the Wills Act of April 24, 1947, P. L. 89, which provides:

"Any bequest or devise for religious or charitable purposes included in a will or codicil executed within

thirty days of the death of the testator shall be invalid unless all who would benefit by its invalidity agree that it shall be valid . . ."

There can be little question that a gift for the erection of a memorial drinking fountain in a public park is a valid and enforceable charitable trust. In Little Estate, 403 Pa. 247 (1961), a gift for a suitable memorial for testator's brother and parents was upheld, and in Abel v. Girard Trust Company, 365 Pa. 34, 39 (1950), the court said: "There can be no dispute that the maintenance of a public park is a valid charitable purpose: Cresson's Appeal, 30 Pa. 437; Smith's Estate, 181 Pa. 109, 37 A. 114; Centennial and Memorial Association of Valley Forge, 235 Pa. 206, 83 A. 683; Restatement of Trusts, sections 373, 374, comment f." In Smith's Estate, supra, a gift for the erection of a memorial monument or arch in a public park was upheld as a valid charitable bequest. See also Fronheiser Estate, 74 Montg. 4 (1957).

It would therefore seem clear that the gift in remainder is invalid because Arthur G. Dayon, testator, died within 30 days of the date upon which he made his will.

However, the City of Philadelphia has come forward with a most ingenious argument. It contends that the gift for a memorial drinking fountain in Rittenhouse Square is a gift to the City of Philadelphia and hence not invalid under section 7(1). It bases its contention on the fact that the square was placed under the care and management of the Commissioners of Fairmount Park, which, under the Home Rule Charter, is now a commission of the City of Philadelphia.

Having established that the gift is to the City of Philadelphia, the argument is advanced that such a gift is not invalidated under section 7(1) of the Wills Act. The city relies chiefly upon the change of lan-

guage between the Wills Act of June 7, 1917, P. L. 403, and the Act of 1947.

Section 6 of the 1917 Act reads as follows:

"No estate, real or personal, shall be bequeathed or devised to any body politic, or to any person in trust for religious or charitable uses, except the same be done by will attested by two credible, and, at the time, disinterested witnesses, at least thirty days before the decease of the testator; and all disposition of property contrary hereto shall be void, and go to the residuary legatee or devisee, heirs or next of kin, according to law. A disinterested witness, within the meaning of this section, is a witness not interested in such religious or charitable use, this section not being intended to apply to a witness interested in some other devise or bequest in the same instrument."

The city emphasizes that the words "for religious or charitable purposes" has been substituted in the Act of 1947 for "to any body politic or to any person in trust for religious or charitable uses."

The city contends that the elimination of the phrase "to any body politic" indicates an intention by the legislature to exclude from the invalidating provisions of section 7(1) gifts to a city government, such as the City of Philadelphia. It argues that the reason for enacting the two sections in question "was to prevent influence in connection with deathbed gifts to individuals, charitable organizations and religious organizations." The conclusion is then advanced that, since the evils presented by deathbed gifts do not exist where the City of Philadelphia is involved, the legislature did not intend to include gifts to the city within the meaning of the language "for religious or charitable purposes" in the later statute.

In the opinion of the auditing judge there is no merit to the contention.

The comment of the Joint State Government Commission to section 7 of the Wills Act of 1947, states:

". . .' for religious or charitable purposes' has been substituted for 'to any body politic, or to any person in trust for religious or charitable uses' for simplicity."

It seems clear from this statement that the legislature did not intend to change the substantive provision with respect to the nature of the gifts which would be invalidated if contained in wills made within 30 days of death.

It is interesting to observe that in section 1 of the Estates Act of April 24, 1947, P. L. 100, which is a companion statute to the Wills Act of 1947, and became effective on the same day, January 1, 1948, we find the following definition:

"(1) 'Charity' or 'charitable purposes' includes but is not limited to the relief of poverty, the advancement of education, the advancement of religion, the promotion of health, governmental or municipal purposes, and other purposes the accomplishment of which is beneficial to the community." * Although this is not controlling, it certainly suggests that the legislature did not intend to change the long accepted meaning in this state of what constitutes a charitable purpose.

The gift in the instant case is encompassed in this definition. We, therefore, conclude that the gift of the residue "for the erection of a memorial drinking fountain in Rittenhouse Square" is a gift for charitable purposes and hence invalidated because testator died eight days after he made his will.

We are fortified in our conclusion by Deichelmann Estate, 21 D. & C. 2d 659 (1959), in which a gift of $5,000 was given "unto the Fairmount Park Commis-

* Comment, Act of 1947.—The definition of "charitable purposes" is the definition given in Restatement Second, Trusts §368, with the addition of the words "but is not limited to."

sion for Strawberry Mansion" by a testatrix who died within 30 days of the date of her will. In that case substantially the same argument was advanced by the city as it is now presenting. Our learned colleague, Taxis, P. J., of the Orphans' Court of Montgomery County, in a well considered opinion, overruled the city's contention. He said, page 662:

"A short answer to the city's contention is that the deletion of the words 'to any body politic' in the 1947 Act does not help the city. The commissioner's comments indicate that the change in language was 'for simplicity.' Bregy, in his treatise on the Wills Act of 1947, §7 (1), p. 2455, observes that: '. . . neither the 1917 nor 1947 Commission felt at liberty to change the policy of the law with respect to charitable gifts.' The phrase in the 1947 Act, 'Any bequest . . . for . . . charitable purposes . . .', is all-inclusive and embraces a 'body politic' provided, of course, that the gift to the 'body politic' is for charitable purposes. On this issue the city does not contend that Fairmount Park has lost its charitable characteristics by its transfer to the Department of Recreation of the City of Philadelphia."

The claim of the City of Philadelphia for the residue of this estate is therefore denied, and the same will be awarded to the Commonwealth of Pennsylvania to be paid into the State Treasury without escheat, pursuant to section 1314 of The Fiscal Code of April 9, 1929, P. L. 343, subject, however, to the right of Adam Dworecki, a Polish national, claiming to be a nephew of decedent and entitled to the residue by virtue of intestacy, as decedent's sole surviving heir under the Intestate Act of April 24, P. L. 80, to establish his claim thereto. . . .

And now, April 15, 1964, the account is confirmed nisi.