> The decree is affirmed and the appeal dismissed at the costs of appellant.

APPEAL OF E. V. JACKSON, ADMR.

[ESTATE OF CHARLES BARRY, DECEASED.]

APPEAL FROM THE DECREE OF THE ORPHANS' COURT OF LUZERNE COUNTY.

Argued April 17, 1889—Decided April 29, 1889.

[To be reported.]

(a) The will of a testator devised and bequeathed to his widow in lieu of her dower, if she should so elect, the one equal third part of all his estate, real and personal, during her natural life, but made no disposition of the two thirds of his estate.

1. In such case, as the will gave to the widow the full one third of all the

estate, during her life, there was no intestacy as to any portion of it as to her, and, dying without having elected to take against the will, her administrator was entitled to no part of the undisposed of portion : Carman's App., 2 Penny. 332, and Reed's Est., 82 Pa. 428, distinguished.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 102 January Term 1889, Sup, Ct.

On June 13, 1888, the account of Richard F. Walsh and M. McNertney, executors of Charles Barry, deceased, was called for audit before the Orphans' Court, when the following facts were made to appear.

Charles Barry, the decedent, died on April 2, 1887, leaving a will dated September 17, 1886, duly admitted to probate, the first disposing provision of which was as follows :

" I give, devise and bequeath to my most faithful and affectionate wife, Mary Barry, in lieu of her dower if she shall so elect, the equal one third part of all my estate, both real and personal, during her natural life, and at her decease I direct my executors hereinafter named to convert the estate thus devised into money at the earliest convenient date, and of the sum so realized, if it shall amount to so much, and pro rata if it should be less," . . . . .

Then followed gifts of specific sums to certain legatees, when the will concluded by a nomination of the executors, to whom he gave full power to sell and convey the real estate of which he should die seised, and if his wife should survive him and should desire " her one third of my real estate set off or partitioned to her for life, I direct and empower my executors to carry out her wishes in this behalf, and if she should desire to sell her interest in the same, I direct and empower my executors to join with her in making and executing the necessary deed or deeds to effectuate such purpose."

The decedent left to survive him Mary Barry, his widow, no children, but the children of two deceased brothers. Mary Barry, the widow, died on April 9, 1887, without having elected to take against the will, and letters of administration upon her estate were granted to E. V. Jackson. The fund for distribution arose from personal property of the decedent and amounted to $9,131.76. E. V. Jackson, administrator, claimed to be en-

Adjudication.

titled to the one half of two thirds of this fund, as to which part it was alleged the decedent had died intestate.

The auditing judge, RHONE, P. J., finding the facts hereinbefore stated, adjudged as follows:

We find, as matter of law, that the right of the widow to refuse the provisions of her husband's will was personal to her, and, having died without making the election, neither her heirs nor her administrator can exercise the right. Hence the law concludes that the widow's estate must be treated as if she had accepted the terms of the will: Crozier's App., 90 Pa. 384.

Under § 11, act of April 8, 1833, P. L. 250, and § 11, act of April 11, 1848, P. L. 537, the widow's share of the fund now before us is nothing; for the will provides that she shall have " the equal one third part of all my estate . . . . . during her natural life." The testator has disposed of the one third part of his estate during the life of his widow, and out " of the estate thus devised " he has given some small legacies payable after his wife's decease. As to the rest or residue of his estate, he has made no provision, and the administrator of the widow claims that as to this residue the testator died intestate, whereby she, or now her estate, is entitled to the share given a widow under the intestate laws, where there are no children, to wit, one half the personal estate. We conclude, however, that so far as the widow is concerned, the decedent did not die intestate as to any part of his estate. She is to have " the equal one third part of all my estate both real and personal during her natural life," and no more.

Carman's App., 2 Penny. 332, and Reed's App., 82 Pa. 428, are not in conflict with this conclusion. In Carman's Appeal, the bequests to the widow were specific or special, and not a fractional part of the whole. In Reed's Appeal, the lapsed legacy was not covered by the will at all. The widow was put to an election as to that, and as to that legacy there was a clear intestacy.

We will pursue this no further, as the question will probably come up again on exceptions to this report, when it will be more fully discussed.

A distribution was ordered in accordance with the foregoing

opinion, when the claimant filed exceptions, alleging that the auditing judge erred, inter alia:

1. In holding as matter of law that the widow's estate must be treated as if she had accepted the terms of the will of Charles Barry, deceased.

3. In holding that so far as the widow is concerned, the decedent did not die intestate as to any part of his estate, and that she was to have " the one equal third part of my estate during her natural life," and no more.

These exceptions were subsequently overruled by the court and the adjudication confirmed, no opinion being filed. Thereupon, the exceptant took this appeal, assigning as error, specifically, the overruling of said exceptions, and the decree ordering distribution in accordance with the adjudication.

*Mr. John T. Lenahan*, for the appellant:

Counsel cited: Section 11, act of April 8, 1833, P. L. 250; § 11, act of April 11, 1848, P. L. 537; Nickerson v. Bowley, 8 Metc. 424; Pickering v. Stamford, 3 Ves. Jr. 332, 492; Carman's App., 2 Penny. 332; Reed's App., 82 Pa. 428.; Hancock's App., 112 Pa. 532; Melizet's App., 17 Pa. 450; Darrah v. McNair, 1 Ash. 236; Ex parte Kempton, 23 Pick. 163; Hoes v. Van Hoesen, 1 Barb. Ch. 379; Dicks v. Lambert, 4 Ves. Jr. 725.

*Mr. Garrick M. Harding* (*Mr. Geo. K. Powell, Mr. M. Cannon* and *Mr. George W. Shonk*, with him), for the appellees:

Counsel cited: Crozier's App., 90 Pa. 384; Reed's App., 82 Pa. 428; Carman's App., 2 Penny. 332; 3 Jarman on Wills, 36, *468; Redfield on Wills, Part 2, Election, § 90; McKeen's App., 42 Pa. 479; Lett v. Randall, 3 Sm. & Gif. 83.

PER CURIAM:

We think the Orphans' Court was clearly right in holding that the widow was not entitled to one half of the residue of the personal property undisposed of by the testator. The widow having died a few days after the testator, and having made no election, we must presume she takes under the will. The will gave her the full one third of all the estate of the testator, during her life. There was no intestacy of any portion of the estate, as to her. She gets the one third of it all, in-

cluding that portion of which the testator died intestate. Taking her one third of the undisposed of surplus under the will, she cannot claim the one half of it against the will. In this respect the case differs from Carman's App., 2 Penny. 332, where the widow took specifically only certain portions of the estate, and the will itself gave her no part of the residue. So also in Reed's Est., 82 Pa. 428, the widow "was put to no election between her legacy under the will and this undisposed of estate." Here, the widow was put to her election as to the whole estate, as well that which passed by the will, as the portion as to which her husband died intestate.

The decree is affirmed and the appeal dismissed at the costs of the appellant.