## Boning's Estate.

*Trusts and trustees—Adjudication—Confirmation of adjudication.*

Where a decree has been regularly made that a trustee shall turn over to his successor in the trust the balance found to be in his hands on the adjudication of his accounts, and no exception has been taken to the decree, and it has been confirmed absolutely, the court may make an order on the trustee to pay his successor, without a formal separate proceeding by the successor in the trust, showing service of a certified copy of the award, demand for payment, and noncompliance with the demand.

Submitted Jan. 17, 1907.    Appeal, No. 327, Jan. T., 1906, by H. C. Terry, surviving Trustee for Wm. J. Boning, from decree of O. C. Phila. Co., directing a trustee to pay over money in the Estate of William Boning, deceased.ˑ Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Petition for order on trustee to pay over money.

From the record it appeared that Henry C. Terry was the sole surviving trustee of the estate of William Boning, deceased.    In the adjudication of his account as trustee, the court below made the following award : " Balance of principal, per account $13,375.    It being .stated that the account was filed for the purpose of enabling the accountant to be discharged and relieved from further duties of the trust, the above balance is awarded and directed to be paid by him to his successor when appointed and qualified."    This adjudication was confirmed absolutely on June 9, 1906 ; no exceptions were filed thereto or appeal taken.

On July 7, 1906, Margareita D. B. Boning was appointed by the court below trustee of the said estate, and, after having entered the required security, made demand upon the appellant that he pay over the amount of the award.    Upon failure of the appellant to comply with this demand, the appellee presented her petition to the court below for an order upon the appellant to pay to her the amount of the award.    The appellant filed an answer in which he claimed that no certified

copy of the award had been served upon him and a proper demand made thereafter. He also further set forth in his answer that the auditing judge had, before the final confirmation of the decree, his attention called to certain matters which made the decree erroneous, and that the judge had requested respondent to permit the matter to stand over until he was physically able to give it attention, but that he died before he could do so.

The court entered a decree directing the appellant to pay over the moneys and transfer the securities to the appellee.

*Error assigned* was the decree of the court.

*John A. Clark*, for appellant.

*Fell & Spalding* and *Alfred Moore*, for appellee.

PER CURIAM, April 1, 1907 :

A decree was regularly made that appellant should turn over to his successor in the trust the balance found to be in his hands on the adjudication of his accounts. Whether or not the appellant is correct in his assumption that the auditing judge, the late president judge of the orphans' court, became convinced that the decree was erroneous, and would have corrected it, no exceptions appear on the record and the decree was confirmed absolutely. There is, therefore, nothing to show any error in the decree now appealed from.

Appeal dismissed.