# Jennings's Estate.

*Appeals—Orphans' court—Order to pay—Paper-books—Failure to print will.*

1. Where an appeal from a decree of the orphans' court raises a question involving the construction of a will, and the appellant fails to print the will in his paper-book, the appeal will be dismissed.

2. No appeal lies from a mere order to pay made by the orphans' court, in accordance with a previous decree of distribution made by the same court, from which no appeal was taken. The decree of distribution cannot be collaterally attacked on an appeal from an order to pay.

Argued Dec. 17, 1908. Appeal, No. 42, Oct. T., 1908, by Hannah Jennings Rogers, from decree of O. C. Phila. Co., July T., 1885, No. 20, ordering executrix to pay in estate of Richard Jennings, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal dismissed.

Petition for order to pay.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*W. Henry Sutton*, with him *Isaac C. Sutton*, for appellant.— The court erred in granting an order to pay over the estate of John Workman to the attorney for the distributees who had asked for a distribution of said estate upon the presumption of death instead of to a duly appointed administrator of said estate: Sherwood's Estate, 26 Pa. C. C. Rep. 589; Wisler's Est., 6 Montg. 159; Levy's Est., 6 Phila. 122.

An order or decree of the orphans' court directing the payment of money is a final decree from which an appeal may be taken: Owen's Appeal, 78 Pa. 511.

*Jerome J. Rothschild*, with him *Charles Edwin Fox*, for appellees.—It is respectfully submitted that the order of March 7 being merely in the nature of an execution, enforcing the pre-

vious decree of the court, is not such a final decree of court as may be appealed. The propriety of the order to pay depends solely upon the legality of the decree of court previously entered, and that previous decree is therefore the only subject of appeal: Chew's Appeal, 3 Grant, 294; State v. Judge, 30 La. Ann. 229; Murphy v. Murphy, 45 La. Ann. 1482.

Opinion by Beaver, J., February 26, 1909:

The first step in the consideration of this case involves the construction of the will of Richard Jennings, deceased, the appellant claiming that a portion of said estate under the will vested in one John Workman, and that the court below should have decreed the interest belonging to him to be paid to an administrator instead of distributing it to the residuary estate of the said Richard Jennings. The will, under which this claim is made, is not printed, and we are unable, therefore, to determine what is the status of the amount directed by the court to be paid by the appellee, the executrix under the will and the trustee of the estate. The way to any further advance in the consideration of the case, therefore, is barred by the failure of the appellant to print the said will in her paper-book.

On November 23, 1907, the orphans' court apparently considered a petition presented on behalf of the appellees, the prayer of which was granted, and it was "ordered, adjudged and decreed that the petitioner and the other distributees named in the said petition may file their own bonds, and as collateral security therefor assign to Hannah Jennings Rogers, trustee of the estate of Richard Jennings, deceased, their further interests in the estate of the said Richard Jennings, deceased, which bond and assignment shall be in the following form, to wit." Then follows a complete designation of the character of bond and assignment to be presented to the trustee, forming part of the decree. Exceptions were taken to this decree and there is no appeal therefrom, nor is there a copy of the petition upon which the decree was granted printed in the appellant's paper-book. Except, therefore, as we can gather the questions involved from the decree itself, we are unable to reach any definite conclusion.

On March 7, 1908, upon petition of the appellee, it was ordered: "That Hannah Jennings Rogers, surviving executrix and trustee of decedent's estate, upon delivery to her of the bonds and assignments as therein set forth and on receipt signed by Jerome J. Rothschild as counsel for the distributees pay to Jerome J. Rothschild the sum of $1,370.38 within ten days after the personal service of this order upon her." An answer to this order was filed by the executrix and trustee March 11, 1908, and a motion for a rehearing refused March 14, 1908. From this order, an appeal to this court was taken and filed March 20, 1908.

The effect of the order to pay to the appellees the amount awarded to them by the decree of November 23, 1907, would be to attack collaterally the order, to which there was no exception and from which there was no appeal. This we think cannot be done. In Chew's Appeal, 3 Grant, 294, which was a decree in equity in the court of common pleas, but which does not differ in principle from the present case, Mr. Chief Justice LOWRIE said: "The order appealed from here is not properly the subject of an appeal, for it is not properly a final decree, but merely an order to pay the sums which had formerly been decreed against this appellant. It merely warrants him to perform his duty under the decrees entered on his former accounts. It was only the decrees, and not this order, that could be appealed from."

It seems clear to us that the appeal from the order to pay cannot be construed into an appeal from the decree, in and by which the rights of the parties respectively were determined, nor can we by reason of this appeal inquire into the merits of the decree of distribution. It was one to which the appellant could have taken exception and from which she could have appealed. Having failed to do either, she is concluded, so far as the legal validity of that decree was concerned, and we cannot attack it collaterally in the appeal now before us.

For the reasons, therefore, that the appellant's paper-book does not contain the will of Richard Jennings, essential to an understanding of the proceedings, under which, and the petition of the appellees for distribution, upon which, the decree of November 23, 1907, was made, and that no appeal lies from the

mere order to pay, in accordance with a previous decree from which no appeal was taken, this appeal is dismissed.

Appeal dismissed at the costs of the appellant.