## Yeisley Estate.

Argued November 26, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Carl Rice*, with him *Merrill W. Linn*, for appellant.

*Abram Orlow*, with him *Cloyd Steininger*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 5, 1948:

The question is whether the Orphans' Court correctly decreed distribution of a decedent's estate.

Testator, by his will, made various absolute pecuniary legacies; a pecuniary legacy of $1,000 was payable

in annual instalments of $200 for 5 years; a daughter was given an annuity of $25 a month for life; each of three named individuals was given the right to receive $300 a year for college expenses until graduation, with a direction that such sums should be repaid as specified; there were testamentary directions concerning sales of real and personal property, as well as other administration directions unnecessary to recite. The residue was devised and bequeathed for religious uses, which, however, was void because of the death of testator within 30 days. An intestacy resulted as to the residue. Testator's heirs were Marie Fernandez, a daughter (who had been given an annuity of $25 a month), and a granddaughter, Mary Keville, child of a deceased son (who was given a legacy of $25).

The executors filed a first and partial account. Upon exceptions the matter was referred to an auditor. After extensive hearings the auditor filed his report and a schedule of distribution. A supplemental report with schedule of distribution was also filed.

The residuary estate was shown to have amounted to $32,831.44. One half of this amount was awarded to the daughter and the other half to the granddaughter. Such distribution was stated to be *"Subject to items mentioned in Auditor's Report."* Such items were principally the annuity to the daughter and the fund for college expenses.

The granddaughter objected to such distribution. She desired *immediate* payment of her *entire* undivided share. She maintains that the testamentary directions concerning payment of the annuity to the daughter *merged* with such daughter's intestate share of the residue. To raise this question the granddaughter, the appellant, filed a petition *for an order to pay,* to which answers were filed. The Orphans' Court dismissed the petition, and in the opinion decreed the method of distribution. The court determined that the amount necessary to be retained to insure compliance with the testa-

mentary directions was $12,831.44. The balance, or
$20,000, was directed to be distributed equally between
the daughter and granddaughter. The court further
decreed that if in the future it became apparent that
the retained fund was more than sufficient to meet the
testamentary requirements, the excess, on appropriate
application to the court, would be distributed to the
heirs.

We are in accord with the distribution decreed.
There is no merit in appellant's contention that the
annuity of the daughter merged with her intestate share
of *residue*. Where interests have been held to merge,
the beneficiary possessed a life estate *in the whole* and
also a vested interest in remainder. When thus possessed
of an entire interest *in the whole* there is a merger of the
composite parts into a fee simple: *Kane's Estate*, 185
Pa. 544, 40 A. 90; *Conley's Estate*, 197 Pa. 291, 47 A.
238; *Moore v. Deyo*, 212 Pa. 102, 61 A. 884; *Arnold's
Estate*, 249 Pa. 348, 94 A. 1076. We need not consider
whether merger in this case is a matter of intention of
the persons in whom interests are united: *Waldron v.
Wahl et al.*, 286 Pa. 237, 133 A. 252; *Hurst, Adminis-
trator, v. Spotts*, 294 Pa. 221, 144 A. 91, or whether the
interests supposed to meet in the same person are of the
same character—either both legal or both equitable:
see *Moore's Estate*, 198 Pa. 611—PENROSE, J., p. 612,
48 A. 884. In the instant case there was an intestacy
*only as to residue*. The residue of an estate is that which
is left after the gifts specified or designated have been
paid or satisfied: *Wood's Estate*, 209 Pa. 16, 57 A. 1103;
*Haak's Estate*, 342 Pa. 93, 18 A. 2d 671; *Carson's Estate*,
130 Pa. Superior Ct. 133, 196 A. 527. Among the speci-
fied testamentary gifts was the $25 monthly annuity to
the daughter. It is by the *will* that the daughter is en-
titled to her annuity and *by law* she acquires an intestate
share in the *residue*. There can be no question of merger.
The daughter, the appellee, is entitled to both interests.
The learned court below correctly set apart a suitable

sum to insure payment of the annuity and for postponed legacies: see Fiduciaries Act of 1917, P. L. 447, section 26 [a1, 20 PS 671.

While we are in accord with the distribution decreed, we do not approve of the procedure adopted. What the appellant objected to was the distribution decreed by the auditor. She sought clarification and amendment of the auditor's decree of distribution by means of a petition to the Orphans' Court *for an order to pay*. This was an inappropriate method of procedure. The auditor should have more accurately complied with section 8, rule 3, and the court with section 6, rule 11, of the Orphans' Court Rules promulgated December 30, 1942: 345 Pa. lvii. There should have been a definitive decree of distribution entered, from which an appeal could have then been taken. No appeal lies from an order to pay where no exception is taken to the decree of distribution: *Boning's Estate*, 217 Pa. 306, 66 A. 525; *Jenning's Estate*, 38 Pa. Superior Ct. 522. The error in procedure, however, has done no harm, and we deem it unnecessary to remit the record for the purpose of correction.

The decree is affirmed, but the record is remitted with direction to the court below to enter an appropriate definitive decree of distribution. Costs to be paid by appellant.