## Biddle Estate.

190

Argued September 30, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Joseph A. Langfitt, Jr.*, with him *Arthur Wessel, Jr.*, for appellant.

*Charles W. Herald*, with him *Hirsch & Weise*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 9, 1953:

Where a widow, a life tenant under her husband's will, elects to take thereunder, and legacies to charities fail causing a partial intestacy, is the widow's estate, upon her decease, entitled to participate in such intestate portion? The court below decided that the widow's estate so shared. This appeal followed.

John Biddle, the testator, died January 17, 1926, ten days after the execution of his will dated January 7, 1926. He left surviving as his next of kin his widow, Margaret J. Biddle, and his father and mother. His

residuary estate was placed in trust to pay the net income to his widow for life, under spendthrift provisions, and thereafter to apply the corpus for charitable uses, which charitable uses were void because made within thirty days before testator's death (Wills Act of June 7, 1917, P. L. 403, Sec. 6, 20 PS 195). The widow filed a formal election to take under the will, but wherein she stated that it was: ". . . without prejudice, however, to any estate, right, title or interest in his estate, or any part thereof that may have heretofore vested in or accrued to me, or that may hereafter vest in or accrue to me or my estate, heirs, executors, administrators or assigns, by reason of some of the provisions of the will of my said husband being void and of no effect." Upon the death of the widow and consequent termination of the life estate, the surviving trustee filed its account. At the audit the executrix of the widow's estate (appellee) claimed an intestate share of such residue, which under the Intestate Act of June 7, 1917, P. L. 429, Sec. 2 (a), 20 PS 11, was $5,000 and one-half the balance. The other half portion of the residue vested in the father and mother of the testator as tenants by the entireties. On the death of the father such share vested in the mother who bequeathed it to A. S. Lawson, Jr., the appellant.

Appellant contends that when the widow elected to take under the terms of her husband's will, which was a life estate in the entire estate, she knew, or should have known, that the charitable bequests were void and therefore elected to take but a life estate in the whole estate, relinquishing and surrendering the intestate portion of the estate caused by the invalidity of the gifts to charity. Such contention, however, overlooks the reservation contained in the election to the effect that her election to take under the will *was without prejudice to her rights in such in-*

*testate portion of the estate.* But we need not consider the effect of such qualified election. The widow received a life estate subject to a spendthrift provision in the equitable or trust estate of testator. This is what she accepted by her election *under the terms of the will..* But the portion of the equitable trust estate *in remainder* was invalidly bequeathed and was not otherwise disposed of, resulting in an intestacy: *Hartman's Estate (No.1),* 320 Pa. 321, 182 A. 234; *Yeisley Estate,* 358 Pa. 200, 56 A. 2d 205. The distribution of the intestate portion was *not* through the will, but *under the law.*

Appellant relies upon *Jackson's Appeal,* 126 Pa. 105, 17 A. 535. In that case testator devised and bequeathed to his widow a life estate in a third part of his estate, which he stipulated should be *"in lieu of her dower if she shall so elect".* He failed to dispose of the remaining two thirds. The widow died within a week after testator without having elected, whereupon it must be presumed that she had elected to take under the will: *Crozier's Appeal,* 90 Pa. 384. Her devise and bequest for life was *"in lieu of her dower".* Such dower right would be in the *whole estate,* since testator did not specifically limit such dower rights to a life estate *in one third of his estate.* A testator may *specifically* devise and bequeath his estate according to the provisions of the intestate law, or by *necessary implication,* considering the will from its four corners, he may so express his intention by his omission to dispose of his estate or parts of it. See Judge PENROSE's opinion in *Wunder's Estate,* 13 Dist. Reports 197, 198. That testator in *Jackson's Appeal* so intended is manifest from the express provision in the will that acceptance of the testamentary provision was *in lieu of dower.* This distinction has also been noted in the court below and in the per curiam opinion of this Court in *Carman's*

*Appeal,* 2 Penny. 332 and *Reed's Estate,* 82 Pa. 428. In both of these cases it was pointed out that the widows were given only certain portions of the estates and the wills gave them no part of the residue. In *Jackson's Appeal,* the widow, taking *in lieu of her dower* (p. 109) : ". . . was put to her election *as to the whole estate,* as well that which passed by the will, as the portion as to which her husband died intestate". (Italics supplied)

In the case now before us it was the *vested remainder* (i.e. residue subject to the widow's life estate) which was void and which testator did not dispose of and concerning which he died intestate. An almost similar situation arose in the Philadelphia Orphans' Court in *Forrestal's Estate,* 10 D. & C. 152, where the above principles and cases were reviewed and where it was said, (p. 153) : "The general rule is that an election to take under a will is in lieu of the part of the estate as to which there is a testacy, but not as to the part of the estate as to which there is an intestacy (citing cases)". In *Forrestal's Estate,* supra, *Jackson's Appeal,* supra, is thus distinguished (p. 153) : "There, the intestacy was deliberate," i.e. under the implied provisions of the will.

The decree is affirmed at the cost of appellant.