SEBRING, Justice.
The appellant, as plaintiff below, filed a complaint in the Circuit Court for Sumter County to recover upon a certain order entered in a proceeding entitled “In Re: Estate of Caroline L. Pleibel, Dec’d,” in the Orphans’ Court of Philadelphia County, Pennsylvania, which read as follows:
“And Now, October 3, 1951 upon consideration of the annexed petition, it is Ordered and Decreed that Mary H. S. Beatty, now known as Mrs. George Myers, former executrix of the will of Caroline L. Pleibel, deceased, pay to H. Mark Solomon, administrator D.B.N. C.T.A., within 10 days after personal service of this order upon her or service by registered mail to her last place of residence, the sum of $18,413.90 with interest from November 8, 1933, being the amount which said Mary H. S. Beatty, now known as Mrs. George Myers, was surcharged by the adjudication of this court per Henderson, J., dated November 8, 1953.”
The defendant filed an answer and a motion to dismiss the complaint upon the ground that the complaint failed to state a claim upon which relief could be granted. Subsequently, the plaintiff moved for the entry of a summary judgment in his favor because the answer failed to present a defense to the matter set up in the complaint. When 'the motions came on for hearing the trial court ruled in favor of the defendant and dismissed the action. The plaintiff has appealed from the order.
We find no error in the ruling of the trial court. The law of this jurisdiction is plain that in order that a judgment or decree of a sister state may serve as the basis for a suit in this state, under the full faith and credit clause of the Federal Constitution, art. 4, § 1, it must be final in nature, in accordance with the law of the state of its rendition. Irving Trust Co. v. Kaplan, 155 Fla. 120, 20 So.2d 351.
As we view the order that constitutes the basis for the instant suit, it is not a final judgment under Pennsylvania law, but is nothing more than an auxiliary mandate directing a step in the proceedings subsequent to the adjudication proper.
*882 That such is its nature would seem to he confirmed by an examination of the Pennsylvania cases dealing with similar orders entered by the Orphans’ Court of that state: “The order * * * is not properly the subject of an appeal, for it is not properly a final decree, but merely an order to pay the sums which had formerly been decreed against this appellant. It merely warrants him to perform his duty under the decrees entered on his former accounts.” In re Jenning’s Estate, 38 Pa.Super. 522, 524; In re Yeisley’s Estate, 358 Pa. 200, 56 A.2d 205.
Accordingly, the judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ-, concur.