ANTOON, Judge.
This is an appeal from a final order dismissing with prejudice appellants’[1] lawsuit against appellees, Hoechst Celanese Chemical Group, Inc. (HCC), Shell Oil Company d/b/a Shell Chemical Company, (Shell), and E.I. du Pont de Nemours & Company (du Pont). In dismissing the lawsuit, the trial court determined that previously entered Alabama and Tennessee judgments which incorporated settlements of nationwide class action lawsuits against the appellees were entitled to full faith and credit in Florida;[2] therefore, the appellants’ lawsuit against the appellees was barred. We affirm the dismissal order as it relates to the Alabama judgment but reverse the order as it relates to the Tennessee judgment because the appellants had properly opted out of the Tennessee class action lawsuit before the judgment approving the settlement became final.
Appellants are primarily owners of mobile homes in Florida. They filed this lawsuit against the appellees in Marion County seeking the recovery of damages allegedly caused by the appellees’ production, distribution, marketing, and sale of polybutylene plumbing systems. In their complaint, the appellants claimed that they suffered damages to their homes as a result of owning defective polybutylene plumbing systems.[3]
At the time this lawsuit was filed, a nationwide class action lawsuit alleging essentially the same theory of liability was already pending against the appellees in Alabama. In that lawsuit, after a nationwide class was certified, a settlement was reached between the plaintiff class and one of the appellees, du Pont. Final judgment was later entered by the Alabama court in accordance with the terms of the settlement.
Within a month after the instant lawsuit was filed, a second nationwide class action lawsuit was commenced in Tennessee. Apparently at the same time the Alabama settlement was reached with du Pont, a separate settlement was reached in Tennessee between the plaintiff class and the other two appellees, Shell and HCC. Importantly, prior to entry of the judgment resolving the case, the appellants filed with the Tennessee court a timely notice of exclusion from the class action lawsuit. As a result of this filing, in its judgment the Tennessee court specifically stated that it would continue its jurisdiction over the lawsuit with regard to proceedings pertaining to “those potential members of the class who had requested exclusion.”
Meanwhile, upon motion filed by the appel-lees in the instant lawsuit, the trial court dismissed the appellants’ complaint reasoning that, since the Alabama and Tennessee judgments had already been entered in nationwide class action lawsuits which alleged essentially the same theory of liability, the Alabama and Tennessee judgments were entitled to full faith and credit in Florida against the appellants who were necessarily *138 included as plaintiffs in those nationwide class actions. Ironically, after the Florida trial court entered its dismissal order, the Tennessee court ruled on the appellants’ pending notice of exclusion from the class action lawsuit and determined that the appellants had properly opted out of the Tennessee lawsuit.[4]
At this point, a peculiar situation existed. The Florida trial court had determined that the appellants were barred by the full faith and credit doctrine from proceeding in their Florida lawsuit because the Alabama and Tennessee judgments had already been entered. However, a short time later, the Tennessee court determined that the appellants were excluded from the Tennessee judgment because they had properly opted out of the class action lawsuit. Upon review of the record, it is apparent to us that the trial court’s order dismissing the instant lawsuit against Shell and HOC must be reversed because the doctrine of full faith and credit was improperly applied to the Tennessee judgment.
Our supreme court has explained that the full faith and credit clause is part of an intricate constitutional scheme to weld our states into a strong union:
The very purpose of the Full Faith and Credit Clause was to alter the status of the several states as independent foreign sov-ereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation must be demanded as of right, irrespective of the state of its origin.
Trauger v. A.J. Spagnol Lumber Co., Inc., 442 So.2d 182 (Fla.1983)(citing Milwaukee County v. M.E. White Co., 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935)). In Solomon v. Beatty, 68 So.2d 881 (Fla.1953), our supreme court explained further that
in order that a judgment or decree of a sister state may serve as the basis for a suit in this state, under the Full Faith and Credit Clause of the federal constitution ... it must be final in nature in accordance with the law of the state of its rendition.
The Tennessee judgment was not “final in nature” and thus not subject to full faith and credit in our Florida courts.
In this regard, the Tennessee judgment stated that the ruling was final pursuant to rule 54.02 of the Tennessee Rules of Civil Procedure for purposes of appeal to the Tennessee appellate court “with the respect to the interpretation, enforcement, or implementation of the [settlement] Agreement.”[5] However, at the same time, the ruling was not final with respect to the issue of whether the appellants had properly opted out of the class action lawsuit since the trial court expressly reserved jurisdiction to later rule upon that issue. See generally Fox v. Fox, 657 S.W.2d 747 (Tenn.l983)(one absolute prerequisite to rule 54.02 review is the certification that the trial court has directed entry of final judgment as to one or more but fewer than all claims). Rather, the subsequently entered order in which the Tennessee court ruled that the appellants had properly opted out of the class was final for purposes of appellate review. See Gaskill v. Gaskill, 936 S.W.2d 626 (Tenn.App.1996)(final judgment is one that resolves all claims between all parties). Moreover, even if this court were to conclude that the Tennessee judgment was final as to the appellants for purposes of appellate review, our conclusion that the judgment was not final for purposes of application of the full faith and credit doctrine would remain the same. At the time the Florida court entered its dismissal order, appellate review of that judgment was still *139 pending in the Tennessee courts; therefore, the order was not “final in nature.” See McBurney v. Aldrich, 816 S.W.2d 30 (Tenn. App.1991)(a judgment is not final where an appeal is pending).
Accordingly, we must reverse the order dismissing with prejudice the appellants’ complaint against Shell and HOC because the Tennessee court’s judgment was not entitled to full faith and credit. In closing, we note that the appellants have not asserted any challenge to the trial court’s ruling with regard to appellee du Pont. This is likely because there is no evidence that the appellants successfully opted out of the nationwide class in the Alabama lawsuit. In any event, we affirm the trial court’s dismissal of the action against du Pont. ,
ORDER AFFIRMED IN PART; REVERSED IN PART; AND CAUSE REMANDED.
GRIFFIN, C.J., and THOMPSON, J., concur.

. Robert Fry, Gerald Garske, Edwin Kasanders, Jr., Edwin Kasanders, III, Mill Dam Development Corp., Ralph Rudolph, and Johnie Voo-rheis.

. Full Faith and Credit Clause, Article IV, section 1, United States Constitution.

.Appellants filed a motion for certification of a class action lawsuit, but the trial court did not rule on the motion before entering its dismissal order.

. The Tennessee court later expanded the exclusion to include the 9,000 individuals named and identified as members of the class that the appellants purported to represent.

. Rule 54.02 of the Tennessee Rules of Civil Procedure provides in relevant part:
Multiple Claims for Relief. — When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third parly claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.